## 13108. ELDER v. THE STATE.

BROYLES, C. J. The motion for a new trial contained the usual general grounds only; the finding of the judge sitting without the intervention of a jury was amply authorized by the evidence, and the refusal to grant a new trial was not error.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED FEBRUARY 14, 1922.

Accusation of pointing pistol; from city court of Macon — Judge Gunn. November 18, 1921.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

## 13109. ELDER v. THE STATE.

BROYLES, C. J. The motion for a new trial contained the usual general grounds only; the finding of the judge, sitting without the intervention of a jury, was amply authorized by the evidence, and the refusal to grant a new trial was not error.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED FEBRUARY 14, 1922.

Accusation of carrying concealed weapon; from city court of Macon — Judge Gunn. November 18, 1921.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

## 13118. HARRISON v. THE STATE.

1. The admission of testimony as to declarations of one jointly indicted with the defendant on trial was not error, under the facts of this case.
2. The permitting of cross-examination of one who had testified to the good character of the defendant, as to whether he had heard that the defendant was charged with certain stealing, was not ground for a new trial.
3. The trial judge's disapproval of a special ground of the motion for a new trial excludes that ground from consideration by this court.
4. That the court, in charging on impeachment of witnesses, failed to charge on impeachment by previous contradictory statements, will not be held error for the reason alleged in the motion for a new trial. that " the principal ground on which the principal witness for the prosecution was sought to be impeached was by proof of contradictory statements which